UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

                                                    Chapter 11
                                                    Case No. 13- 11506-jmp

In Re

    11 EAST 36th, LLC,

                    Debtor,

------------------------------------------------------------x

                                                    Chapter 11
                                                    Case No. 13-11507-jmp

In Re

    MORGAN LOFTS, LLC,

                    Debtor,

------------------------------------------------------------x

**DEBTORS' APPLICATION FOR AN ORDER (A) AUTHORIZING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES; (B)
AUTHORIZING CONSOLIDATION MAILING MATIX**

TO:  THE HONORABLE JAMES M. PECK
     UNITED STATES BANKRUPTCY JUDGE

    11 East 36th, LLC ("11 East 36") and Morgan Lofts, LLC ("Morgan"), the above-

captioned debtors and debtors-in-possession (individually a "Debtor" and together, the

"Debtors", by their counsel, AJ Gallo Associates, P.C., respectfully represent as follows:

**SUMMARY OF RELIEF REQUESTED**

    1.    By this Application, Debtors seek entry of an order, in substantially the form

being filed herewith as Exhibit "A", (a) authorizing joint administration of the

Debtors' chapter 11 cases (as defined below, the "Cases") for procedural purposes

only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and (b) authorizing a consolidated mailing matrix. The

Debtors respectfully submit that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.

2.  In support of this Application, the Debtors rely upon and incorporate by reference each of the declaration filed in the Cases pursuant to Local Rule 1007-2 (the "1007-2 Declarations") required by the local bankruptcy rules for this District (the "Local Rules").

3.  Given the provisions of the Code (defined below) and the Bankruptcy Rules, as well as the Debtors' affiliation, joint administration of these Cases is warranted. Both joint administration and a consolidated mailing matrix will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the cases, thereby saving the Debtors' estates considerable expense and resources. The relief requested will not adversely affect creditors' rights as the Debtors request only administrative, and not substantive, consolidation of their respective estates.

**<u>JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF</u>**

4.  This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334.

5.  This is a core proceeding within the meaning of 28 U.S.C. §157(b) (2).

6.  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.

7.  The statutory basis for relief are §105(a) and Rules 1015(b), 2002(n) and 9007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

8. On May 8th, 2013 the ("Petition Date"), each of the Debtors commenced their

   Chapter 11 cases (the "cases") by filing a voluntary petition for relief under

   Chapter 11 of Title 11, United States Code (the "Code"). Pursuant to §§1107(a)

   and 1108 of the Code, the Debtors continue to operate as debtors-in-possession.

   No trustee has been appointed. No official committee of unsecured creditors has

   been appointed.

9. The Debtors are the owners of condominium units located at 11 East 36th Street,

   New York, N.Y 10016 all of which are encumbered by a blanket mortgage held

   by 11 East 36 Note Buyer, LLC and a subordinate mortgage held by Griffon V,

   LLC.

## REQUEST FOR JOINT ADMINISTRATION

10. The Debtors respectfully request at this time to have their cases jointly

    administered, without substantive consolidation, with the In re 11 East 36th, LLC

    Case being designated as the lead Case. The Debtors respectfully submit that the

    joint administration will ease and expedite management of their Cases and

    eliminate considerable expenses arising as a result of multiple filings in these

    cases.

11. Pursuant to Rule 1015(b), "(i)f...two or more petitions are pending in the same

    court by or against...(4) a debtor and an affiliate, the court may order a joint

    administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

    affiliated entities and this Court is therefore authorized to grant the relief

    requested.

12. It would be far more practical and expedient for the administration of these Cases if the court were to authorize their joint administration. Many of the motions, hearings and orders that will arise in the Cases will affect both Debtors. Without joint administration of these matters, the Debtors will be required to file pleadings in each of their cases, and any interested parties will require to do the same. Such duplication of efforts and expenses will continue if joint administration is not authorized. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, cases.

13. Further, joint administration of the Debtor's cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties at interest of the Debtors' respective estates.

14. Joint Administration will also save time and money and avoid duplicative and potentially filings by permitted counsel for all parties in interest to (a) use a single caption on numerous documents that will be served and filed herein and (b) file the papers in one case rather than multiple cases.

15. Nor will any party be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. As a result of the relief requested herein, all of the Debtors' creditors will benefit from the reduced costs to the estate, and to them selves, as a result of the joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.

Finally, supervision of the administrative aspects of the cases by the United States Trustee will be simplified.

16. Based upon the foregoing, the joint administration of the Cases is in the best interests of the Debtors, their creditors, and all other interested parties. Accordingly, the Debtors respectfully request entry of an order directing that, with the exception of Schedules, Statements of Financial Affairs, and matters relating exclusively to a single Debtor, all future pleadings and orders, whether captioned in one or more of the Cases, be filed and docketed exclusively under the docket number of In re 11 East 36th, LLC case No. 13-11506 (JMP) as the lead case.

17. The Debtors also request that the caption of the lead case be modified to reflect the joint administration of such cases, as follows:

-----------------------------------------------------------x

In re:                                              Chapter 11

11 EAST 36th, LLC, et al.                      Case No.: 13-11506 (JMP)

     Debtor,                (Jointly Administered)

-----------------------------------------------------------x

18. The Debtors also request that a docket entry be made in each of the Cases as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of In re 11 East 36th, LLC, Case No. 13-11506 (JMP) and In re Morgan Lofts, LLC (JMP) Case No. 13-11507. The case docket in Case No. 13-11506 (11 East 36th, LLC) should be consulted for all matters affecting the above listed cases.

## REQUEST FOR CONSOLIDATED MAILING MATRIX

19. As the Cases each have separate but overlapping mailing matrixes, the Debtors request that all future notices to the creditors or other interested parties in the Cases be directed to be made from one consolidated mailing matrix, so as to avoid duplicate mailing and related costs.

## NOTICE

20. Notice of this Application has been sent to the United States Trustee for the Southern District of New York. In light of the procedural nature of the relief requested, the Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

21. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request the entry of an order of this Court, in substantially the form being filed herewith as Exhibit "A", and granting to the Debtors such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
   June 12th, 2013

       AJ GALLO ASSOCIATES, P.C.

       By: /s/Anthony J. Gallo_____
        Anthony J. Gallo, Esq.
        445 Northern Blvd., Suite 11
        Great Neck, New York 11021
        (516) 342-5880