**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

                                                  **Chapter 11**
                                                  **Case No. 13- 11506 (JMP)**

**In Re**

      **11 EAST 36th, LLC,**

                      **Debtor,**
-------------------------------------------------------------x

                                                  **Chapter 11**
                                                  **Case No. 13-11507 (JMP)**

**In Re**

      **MORGAN LOFTS, LLC,**                        **(Jointly Administered)**

                      **Debtor,**
-------------------------------------------------------------x


## **AMENDED JOINT PLAN OF REORGANIZATION**


**A.J. GALLO ASSOCIATES, P.C.**
**445 Northern Blvd., Suite 11**
**Great Neck, New York 11021**
**Telephone: (516) 342-5880**
**Facsimile: (516) 342-5729**

**ATTORNEYS FOR THE DEBTORS**

## INTRODUCTION

**11 EAST 36th, LLC** and **MORGAN LOFTS, LLC** ("Debtors"), propose this Joint Plan of Reorganization for the Debtors. **UPON CONFIRMATION, THIS JOINT PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG THE DEBTORS AND EACH OF THE DEBTORS' CREDITORS (AS SUCH TERMS ARE DEFINED BELOW).**

## ARTICLE 1

As used in this Joint Plan, the following terms will have the meaning hereinafter set forth:

1.1 " Administration Expense". Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507 (a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

1.2 "Administration Expense Claim" shall mean a claim for payment of an Administration Expense.

1.3 "Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order of the Court.

1.4 "Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court, late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, un-liquidated or contingent.

1.5 "Allowed Secured Claim" shall mean a Secured Claim to the extent it is an Allowed Claim under the Bankruptcy Code.

1.6 "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent it is an Allowed Claim under the Bankruptcy Code.

1.7 "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

1.8 "Bankruptcy Code" shall mean Title 11 of the United States Code, 11 U.S.C § 101, *et. seq*.

1.9 "Bankruptcy Code" shall mean the Court as defined below.

1.10 "Bar Date" shall mean September 13, 2013.

1.11 "Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

1.12 "Claim" shall mean the holder of a Claim.

1.13 "Confirmation Date" shall mean the date of the entry of the Confirmation Order.

1.15 "Confirmation Hearing" shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the Plan.

1.16 "Confirmation Order" shall mean the order of the Court confirming the Plan.

1.17 "Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

1.18 "Creditor" shall mean any entity that holds a Claim against either Debtor.

1.19 "Debtors" shall mean *11 East 36th LLC* and *Morgan Lofts, LLC* .

1.20 "Disputed Claim" shall mean the whole or any portion of any claim against a Debtor to which an objection is timely filed as to which a Final Order has been entered allowing or disallowing such Claim or any portion thereof.

1.21 "Effective Date" shall mean the Date upon which the Confirmation Order is a Final Order, or such other date after the Confirmation Date as may be practicable, provided, however, that the Effective Date shall be no later than sixty days after the Confirmation Date unless approved by the Bankruptcy Court.

1.22 "Estate" shall mean the estate of a Debtor created upon the commencement of the Bankruptcy case pursuant to Section 541 of the Bankruptcy Code.

1.23 "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

1.24 "Final Order" shall mean an order of the Court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

1.25 "Interest" shall mean an existing ownership interest in a Debtor.

1.26 "Interest Holder" shall mean a holder and owner of an existing Interest in a Debtor.

1.27 "Lien" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

1.28 "Mortgagee" shall mean 11 East 36th Street Note Holder, LLC & Morgan Lofts, LLC.

1.29 "Petition Date" shall mean May 8th, 2013, the date of the Debtors' filing under Chapter 11 of the Bankruptcy Code.

1.30 "Plan" shall mean this Joint Plan of Reorganization, and any and all modification and /or amendments hereto.

1.31 "Property shall mean the Debtors' real property located at 11 East 36th Street, New York, NY consisting of 28 condominium units.

1.32 "Secured Claim" shall mean a Claim secured by a lien on property included within a Debtors Estate.

1.33 "Secured Creditor" shall mean the owner or holder of a Secured Claim.

1.34 "Unsecured Claim" shall mean a claim for which the Claimant does not hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or encumbrance against property of the Debtors or a Debtors' Estate; (b) a right to setoff to secure the payment of such Claim. An Unsecured Claim includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include administrative of priority claims.

1.35 "Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## ARTICLE 2

## CLAIMS CLASSIFICATION AND TREATMENT

### CLASS 1

2.1 Classification- Internal Revenue Service and the New York City, Priority Secured Claim for real estates and other liens. Claims totals approximately $70,000.00.

2.2 Treatment- Payment in full on the Effective date of the Allowed Amount, plus interest at the statutory rate through the date of payment.

5

2.3   Voting- Unimpaired and deemed to have accepted the Plan

## CLASS 2

2.4 Classification- *11 East 36 Street Note Holder, LLC* and *Griffon V* Claims total approximately $10,962,742.74 and $3,171,051.84, less any rents collected and other credits due Debtors.

2.5 Treatment- Payment of the Allowed Amounts to payoff the Lender's note; and the Griffon judgment under *Section 1124 (1) of the Bankruptcy Code*, in cash on the Effective Date.

2.6  Voting- Unimpaired and deemed to have accepted the Plan.

## CLASS 3

2.7 Classification- Board of Managers of the Morgan Lofts Condominium. Claims total approximately $563,022.63.

2.8 Treatment - Payment of the amount necessary to payoff the lien in full in cash on the Effective Date.

2.9 Voting- Unimpaired and deemed to have accepted the Plan.

## CLASS 4

2.10 Classification- Unsecured Claims.

2.11 Treatment- Payment in full, in cash of Allowed Amount on the effective date.

2.12  Voting- Unimpaired and deemed to have accepted the Plan.

## CLASS 5

2.13 Classification-Priority Claims under Sections 507 (a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code.

2.14 Treatment- Payment in full in cash of Allowed Amount on the effective date.

6

2.15 Voting- Unimpaired and deemed to have accepted the Plan.

## CLASS 6

2.16 Classification- Equity Interest.

2.17 Treatment- holders shall be entitled to continue to own their Interests.

2.18 Voting- Impaired and entitled to vote to accept or reject the Plan.

## ARTICLE 3

3.1 Allowed Administrative Expenses shall be paid in full, in Cash on the Effective Date, or the date such Administrative Expense becomes Allowed, except to the extent that the holder of an Allowed Administrative Expense agrees to different treatment; provided however, that Allowed Administrative Expense representing obligation incurred in the ordinary course of business or assumed by the Debtors shall be paid in full or performed by the Debtors in the ordinary course of business or pursuant to the terms and conditions of the particular transaction. Any outstanding U.S Trustee fees shall be paid, and operating reports will be filed as they come due by the Debtors.

## ARTICLE 4

## MEANS FOR IMPLEMENTATION

4.1 Source of Funds—Effective Date payments under the Plan will be paid from the net proceeds realized from the sale of 97.2 percent ownership interest of Bay Condos, LLC, in and to units 101 and 102 in connection with the related *Bay Condos, LLC* case, in the approximate amount of $6,075,000.00, less transaction and administrative costs, and the net proceeds realized from the financing

provided by G4 Capital pursuant to *Section 364(d)(1) of the Bankruptcy Code and Fed. Rule B.P. 4001(c) (1)*, in the approximate net amount of $9,000,000.00, which funds collectively shall be applied to the payment of the claims as above mentioned and to *Note Buyer's* allowed claim as fixed by the Court, less any amounts heretofore collected by Note Buyer pursuant the applicable *Assignment of Leases and Rents*, and by Order of this Court dated June 25, 2013, to all amounts due to *Griffon V*, as a judgment creditor; the sum of approximately $3,171,051.84, inclusive of interest at the legal rate, less any amounts collected by Griffon under the assignment of Rents and Leases; the sum of approximately $563,022.63, less an amounts paid by Note Buyer, to the Condo Board; and to Administrative and other Claims as allowed by this Court in the anticipated amount of $ 200,000.00

4.2  <u>Release of Liens</u>—Except as otherwise provided for in the Plan, on the Effective Date, (a) each holder of a Secured Claim, shall on the Effective Date (b) turn over and release to the Reorganized Debtors any and all Collateral that secures or purportedly secures such Claim, as they pertain to the properties currently owned by the Debtors or such Lien shall automatically, and without further action by the Debtors or Reorganized Debtors, be deemed released, and (c) execute such documents and instruments as the Reorganized Debtors requests to evidence such Claim holder's release of such property or Lien.

4.3  <u>Stamps Tax</u>—Under the Plan, pursuant to Bankruptcy Code § 1146(c), (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other security interest, (c)

8

the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with, the Plan, including, without limitation, any deeds, bills of sale or assignments executed in connection with the purchase of the Property by the Purchaser and any other transaction contemplated under the Plan or re-vesting, transfer or sale of any real or personal of the Debtors pursuant to, in implementation of, or as contemplated in the Plan, and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, the Confirmation Order, shall not be subject to any applicable document recording tax, stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, or other similar tax or government assessment including without limitation New York City Real Property Transfer Tax and New York State Documentary Tax.

4.4 <u>Vesting of Assets</u>—Except as otherwise provided in the Plan, on the Effective date all assets and properties of the Estate shall vest in the Debtors free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date. Except as otherwise provided herein, as of the Effective Date, all property of the Debtors shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

4.5 <u>Execution of Documents</u>—The Debtors shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and delivery such notices to any and all federal, state and local government agencies or departments for filing and recordation.

4.6 <u>Recording Documents</u>—Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien Claim or encumbrance not expressly preserved by the Plan, and Confirmation Order.

## PRESERVATION OF CLAIMS

4.7 All rights pursuant to Sections 502, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to Section 547 of the Bankruptcy Code, all fraudulent transfer claims pursuant to Section 548 of the Bankruptcy Code, and all claims relating to post-petition transactions under Section 549 of the Bankruptcy Code shall be preserved for the benefit of the Debtors' estates.

## Article 5

## DISTRIBUTIONS TO CREDITORS

4.8  The Debtors shall be disbursing agent under the Plan. The Debtors have not completed its claims review and reserves its right to file objections to claims in the event grounds exist to object to particular claims. The Debtors may file

objections to Claims for a period of 120 days after the Effective Date. On the initial distribution date and on each distribution date thereafter, the Debtors shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount required to pay each such undetermined claim if such claim was allowed in full. To the extent that an undetermined claim becomes an Allowed Claim, the distribution reserve for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim. After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## Article 6

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1   All unexpired leases and executory contracts not rejected prior to the Effective Date shall be assumed under the Plan.

## Article 7

## RETENTION OF JURISDICTION

7.1   Retention of Jurisdiction. The Court shall have jurisdiction over all matters arising in, or relating to the Debtors' Bankruptcy Case including, but not limited to, proceedings.

7.2   To consider any modification of the Plan under section 1127 of the Bankruptcy Code.

7.3  To hear and determine all Claims, controversies, suits and disputes against the Debtors to the full extent permitted under 18 U.S.C. § 1334 and 28 U.S.C. § 157.

7.4  To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtors or the Debtors' estate, including, but not limited to, any right of the Debtors or the Debtors Estates to recover assets pursuant to the provisions of the Bankruptcy Code.

7.5  To hear and determine all requests for compensation and/or reimbursement of expenses which may be made.

7.6  To value assets of the Estate.

7.7  To enforce the Confirmation Order, the final decree, and all injunctions therein.

7.8  To enter an order concluding and terminating the Bankruptcy Case.

7.9  To correct any defect, cure any omission, or reconcile any inconsistence in the Plan, or the Confirmation Order;

7.10  To determine all questions and disputes regarding title to the assets of the Debtors.

7.11  To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

## Article 8

## **GENERAL PROVISIONS**

8.1  Headings. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

8.2  Disputed Claims. The Debtors shall hold in escrow the distribution that would be due on account of any Disputed Claim. No Disputed Claim shall be paid, nor shall Distribution be made to a creditor holding a Disputed Claim, until such Claim

becomes an Allowed Claim.

8.3   Calculation of Time periods. Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

8.4   Other Action. Nothing contained herein shall prevent the Debtors, Interest Holder, or Creditors from taking such action as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan under the Plan.

8.5   Modification of Plan. The Debtors may seek amendments or modifications to the Plan in accordance with section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date. After the Confirmation Date, the Debtors may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

**Article 9**

**INJUNCTION AND PROPERTY OF THE ESTATE**

9.1 Injunction. The confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuance of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligations or debt except pursuant to the terms of the Plan.

9.2 Vesting of Property. Except as otherwise provided in the Plan, on the Effective date thereof, title to all of the Debtors' assets shall pass to the post confirmation Debtors or its designee free and clear of all Claims and Interests, in accordance with *Section 1141* of the Bankruptcy Code

**Article 10**

**<u>CLOSING THE CASE</u>**

10.1 Upon substantial consummation, the Debtors may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated:  Great Neck, New York
        September 26th, 2013

        11 EAST 36th, LLC, and
        MORGAN LOFTS, LLC,
        Debtors and Debtors in Possession

        By: <u>/s/ Ben Bobker</u>
            Ben Bobker, Manager

        AJ Gallo Associates, P.C.
        Attorneys for Debtors

      By: <u>/s/ Anthony J. Gallo, Esq.</u>
         Anthony J. Gallo, Esq. (AG7746)
         445 Northern Blvd., Suite 11
         Great Neck, New York 11021
         (516) 342-5880