UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                          :
*In re:*                                  :
                                          :   Chapter 11
                                          :
11 EAST 36TH, LLC, *et al.*,              :
                                          :   Case No. 13-11506 (RG)
                                          :   Jointly Administered
       *Debtors*                          :
                                          :
---------------------------------------------------------x

**MEMORANDUM DECISION SUSTAINING THE DEBTORS'
OBJECTION TO PROOFS OF CLAIM FILED BY VICTORIA GUTHRIE**

**A P P E A R A N C E S :**

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR LLP
One North Lexington Avenue
White Plains, New York 10601
<u>By:</u>    Jonathan S. Pasternak, Esq.
       Julie Cvek Curley, Esq.

*Attorneys for Debtors 11 East 36th, LLC and Morgan Lofts, LLC*

LAW OFFICES OF DENNIS MARC REISMAN
11 Grace Avenue
Suite 411
Great Neck, New York 11021
<u>By:</u>    Dennis Marc Reisman, Esq.

*Attorneys for Claimant Victoria Guthrie*

**The Honorable Robert E. Grossman
United States Bankruptcy Judge**

1

Debtors 11 East 36th, LLC and Morgan Lofts, LLC (the "Debtors") move to expunge two proofs of claim filed by purported creditor Victoria Guthrie ("Guthrie"). For the reasons set forth below, the Court sustains the Debtors' objection and expunges the claims.

## Jurisdiction

The Court has subject-matter jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334 and the amended standing order of reference signed by Chief District Judge Loretta Preska on January 31, 2012. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

## Background[1]

Before the Court is the Debtors' objection to two proofs of claim filed by Guthrie in these chapter 11 cases. *See* Obj., ECF No. 137; First Supp'l Obj., ECF No. 172; Second Supp'l Obj., ECF No. 193.[2] Guthrie opposes the objection. *See* Opp'n, ECF No. 163; First Supp'l Opp'n, ECF No. 170; Second Supp'l Opp'n, ECF No. 195.

A brief discussion of the corporate structure of the Debtors and their affiliates is necessary to understanding the legal issues raised by the objection. The Debtors are 11 East 36th, LLC ("11 East 36th") and Morgan Lofts, LLC ("Morgan Lofts"), which collectively own 28 condominium units in a building located at 11 East 36th Street in Manhattan. *See* Second Am. Discl. Stmt. ¶¶ 9-10, ECF No. 118. 11 East 36th owns 15 of the units and is the sole member of Morgan Lofts, which owns the other 13 units. *Id.* Both of the Debtors are managed by Ben Bobker and are owned by what the parties refer to as the "Bobker Family" or the "Bobkers." *See* Opp'n ¶¶ 3-4.

---

[1] Except where otherwise noted, the material facts are not in dispute.

[2] References to ECF docket entries refer to the electronic docket maintained in the Debtors' jointly-administered chapter 11 cases under Case No. 13-11506.

Guthrie owns one of the condominium units at 11 East 36th Street. *Id.* ¶ 7. In 2007, Guthrie took out a mortgage on her unit and loaned the proceeds to an affiliate of the Debtors, Morgan Investment Fund, LLC (the "Morgan Fund") evidenced by a promissory note executed by the Morgan Fund. *Id.* The Morgan Fund is owned by the Bobker Family and is managed by Ben Bobker's brother, Avi Bobker. *Id.* ¶ 5. The Morgan Fund is not a debtor and does not own a membership interest in either of the Debtors. *Id.* ¶¶ 3-4, 6.

In 2009, the loan Guthrie had made to the Morgan Fund matured. *See id.* ¶ 9; Obj. ¶ 13. At that time, the Morgan Fund sought an extension of the maturity date. In return Guthrie sought additional assurances of repayment in the form of collateral. *See* Obj. ¶¶ 13-14. In consideration of Guthrie's agreement to extend the maturity, the Bobkers agreed to cause several of their companies who were not parties to the original promissory note to issue pledges to secure Guthrie's loan. *Id.* ¶ 14. At issue here is one of those pledges signed by Debtor 11 East 36th.[3]

As set forth above, 11 East 36th is the sole member of Morgan Lofts. In April 2009, the Bobkers caused 11 East 36th to execute a pledge agreement in favor of Guthrie (the "11 East 36th Pledge"). *Id.* A copy of the 11 East 36th Pledge is attached to the Objection as Exhibit E. *See id.* Ex. E. In relevant part, the 11 East 36th Pledge grants Guthrie a security interest in all of 11 East 36th's "right, title, and interest . . . in and to its membership interest in Morgan Lofts, LLC." 11 East 36th Pledge ¶ 1. The 11 East 36th Pledge does not purport to grant Guthrie a security interest in any real property owned by Morgan Lofts, although it does specifically *exclude* certain of Morgan Lofts' property from the pledge. *See id.* ¶ 2 (stating that "the Collateral does not include the five units held by Morgan Lofts . . . listed on the attached Schedule A").

---

[3] Pledges were also signed by nondebtors Madison Condos, LLC and Wadsworth Condos, LLC, which are not at issue in this proceeding.

3

In October 2009, Guthrie filed a UCC-1 Financing Statement with the New York Secretary of State in connection with the 11 East 36th Pledge (the "11 East 36th UCC-1"). Obj. ¶ 15. A copy of the 11 East 36th UCC-1 is attached to the Objection as Exhibit F. *See id.* Ex. F. Rather than describing a security interest in 11 East 36th's membership interest in Morgan Lofts, the 11 East 36th UCC-1 describes the pledged collateral as specific real property owned by Morgan Lofts. *Id.* The 11 East 36th UCC-1 states:

> The collateral secured shall include 11 East 36th LLC's interest in the following units owned by Morgan Lofts LLC located at 11 East 36th St., NY, NY: 701, 801, 803, 804, 903, 904, 1003, 1004, 1103, and 1104. The collateral shall not include units 1001, 1203, and 1204 located at 11 East 36th St., NY, NY . . . .

11 East 36th UCC-1 ¶ 4.

In these bankruptcy cases, Guthrie filed proofs of claim (the "Proofs of Claim") against both Debtors based on her promissory note with the Morgan Fund. *See In re 11 East 36th, LLC*, No. 13-11506, Proof of Cl. No. 3; *In re Morgan Lofts, LLC*, No. 13-11507, Proof of Cl. No. 2. The Debtors objected to the Proofs of Claim, arguing that Guthrie holds nothing more than an unperfected lien on the equity interests in one of the Debtors, which does not entitle her to a claim against the Debtors' estate. Guthrie responded, arguing that the 11 East 36th Pledge and 11 East 36th UCC-1 grant her a lien in both the membership interest in Morgan Lofts *and the assets that Morgan Lofts owns*. In the alternative, Guthrie argues that she is entitled to pierce the Debtors' corporate veil to hold them liable as the alter egos of the Morgan Fund. Hearings on the Debtors' objection were held on August 26, October 21, and December 9, 2014, after which the Court took the matter under advisement.

4

## Discussion

### A. Guthrie does not have a perfected lien on any of the Debtors' assets

#### i. Guthrie does not have a lien on the condominium units owned by Morgan Lofts

Guthrie first argues that the 11 East 36th Pledge grants her a security interest in ten of the condominium units owned by Morgan Lofts. Guthrie argues that 11 East 36th—in its capacity as the member of Morgan Lofts—granted her a security interest in assets that belong to its wholly-owned subsidiary. *See* First Supp'l Opp'n 4 ("11 East 36th owns everything that [Morgan Lofts] owns, and that is what is being pledged."); *id.* at 6 (stating that 11 East 36th "clearly has an interest in the assets of its wholly owned subsidiary.").

On this point, Guthrie misinterprets New York law. Despite being the sole member of Morgan Lofts, 11 East 36th does not have any interest in the property that belongs to its subsidiary. *See* N.Y. Ltd. Liab. Co. Law § 601 ("A member has no interest in specific property of the limited liability company."); *Sealy v. Clifton, LLC*, 890 N.Y.S.2d 598, 600 (2d Dep't 2009) (same). Although 11 East 36th pledged its membership interest in Morgan Lofts to Guthrie, this did not effect a pledge of any assets that are directly owned by Morgan Lofts. *See Hope Assoc. of Syosset LLC v. STP Assocs. LLC*, 950 N.Y.S.2d 254, 259 (N.Y. Sup. Ct. 2012) (noting that the transfer of an interest in a limited liability company "does not transfer any interest in the real property owned by the LLC"). The Court finds that Guthrie does not have a lien on any of the condominium units owned by Morgan Lofts.

#### ii. Guthrie's lien on 11 East 36th's membership interest in Morgan Lofts is unperfected and subject to avoidance

Guthrie also argues that 11 East 36th granted her a lien on its membership interest in Morgan Lofts. The Debtors concede as much. *See* Obj. ¶¶ 22-23. However, the Debtors argue

5

that Guthrie's lien is not properly perfected and is therefore avoidable under § 544(a) of the Bankruptcy Code. The Court agrees.

"A membership interest in [a] limited liability company is personal property." N.Y. Ltd. Liab. Co. Law § 601. Accordingly, a lien on a membership interest in a limited liability company may only be perfected by the filing of a financing statement. N.Y. U.C.C. Law § 9-310(a). In order to be effective, such a financing statement must "reasonably identif[y]" the collateral subject to the security agreement. *See id.* §§ 9-108, 9-502(a)(3), 9-504. If a financing statement does not "contain[ ] a sufficient description to permit the reasonable identification of the collateral," the statement may be considered "'seriously misleading' and therefore ineffective under state law." *In re Baker*, 511 B.R. 41, 43 n.2 (Bankr. N.D.N.Y. 2014) (quoting N.Y. U.C.C. § 9-506(a)).

As set forth above, Guthrie attempted to perfect her lien on 11 East 36th's membership interest in Morgan Lofts by filing the 11 East 36th UCC-1. The Debtors argue that the collateral description in the 11 East 36th UCC-1 does not reasonably identify the property subject to the 11 East 36th Pledge. Indeed, there is a clear and material mismatch between the collateral descriptions contained in the 11 East 36th Pledge and the 11 East 36th UCC-1. The pledge grants Guthrie a lien on 11 East 36th's membership interest in Morgan Lofts. Any reasonable person viewing the 11 East 36th Pledge would conclude that 11 East 36th had granted Guthrie a lien on its membership interest in another entity, which is intangible personal property. *See In re McCormick*, 381 B.R. 594, 602 (Bankr. S.D.N.Y. 2008). By contrast, a reasonable person viewing the 11 East 36th UCC-1 would conclude that 11 East 36th had granted Guthrie a security interest in identifiable condominium units in Manhattan. These descriptions are

6

irreconcilable and, in the Court's view, make the 11 East 36th UCC-1 "seriously misleading" and ineffective under New York law. N.Y. U.C.C. § 9-506(a).

Given that the 11 East 36th UCC-1 is ineffective and Guthrie's security interest in the membership interest in Morgan Lofts is therefore unperfected, her lien is subordinate to the rights of the Debtors and subject to avoidance under Bankruptcy Code § 544(a). *In re D.C.I. Danaco Contractors, Inc.*, 141 B.R. 7, 13 (Bankr. E.D.N.Y. 1992) ("[A] debtor in possession[ ] holds the same rights as a hypothetical lien creditor and can set aside a security interest which is not perfected as of the date of filing the petition for relief."). Even where a debtor has not exercised its avoiding powers, an unperfected lien is subject to avoidance *sua sponte* by the Court in the interest of justice. *See In re Castle Ventures, Ltd.*, 167 B.R. 758, 766 (Bankr. E.D.N.Y. 1994). As a result, the Court finds that Guthrie's unperfected security interest does provide a basis for allowing her Proofs of Claim in this case.

### B.     Guthrie does not have a claim for corporate veil piercing

In the alternative, Guthrie argues that her claim against the Debtors should be allowed under a corporate veil piercing theory. In New York, veil piercing "requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." *Morris v. N.Y. State Dep't of Taxation & Fin.*, 603 N.Y.S.2d 807, 810-11 (N.Y. 1993). "The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene." *Id.* at 811.

7

Here, the sole contention offered by Guthrie in support of her veil piercing theory is that the Bobkers control a "bewildering array" of entities and treat the assets of those entities as belonging to one another. *See* Opp'n ¶¶ 33-34. Even assuming that this is sufficient to meet the "heavy burden" required to pierce the Debtors' corporate veil, *TNS Holdings v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339 (N.Y. 1998), Guthrie's claims fail for a simpler reason: neither of the Proofs of Claim assert veil piercing as a basis for the Debtors' liability.

In assessing an objection to a claim, courts "analogize[ ] [the] claim to a civil complaint," *In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996), and "look[ ] to the pleading requirements set forth in the Federal Rules of Civil Procedure." *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, the Proofs of Claim do not even mention corporate veil piercing, much less contain a "short and plain statement" of that claim. *See* 11 East 36th Cl. ¶ 2 (identifying the basis for the claim simply as a "[l]oan of $650,000, plus unpaid interest due thereon"); Morgan Lofts Cl. ¶ 2 (same). There is no basis to conclude from the face of the Proofs of Claim or any of their exhibits that Guthrie is asserting a veil piercing theory and, if so, what facts she alleges support such a claim.

As a result, the Court finds that the Proofs of Claim fail to set forth a claim for corporate veil piercing even under the most lenient pleading standards. *Accord EED Holdings*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) ("EED's veil-piercing allegations are conclusory and, therefore, fail to satisfy even the more lenient Rule 8(a) pleading requirements."); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003) ("[P]urely conclusory allegations

8

cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard.").

## **Conclusion**

Guthrie has failed to set forth a basis on which her claims against the Debtors should be allowed. As a result, the Debtors' objection is sustained and the Proofs of Claim are hereby expunged. The Debtors are directed to submit an order consistent with this memorandum decision.

Dated: New York, New York
January 29, 2015

                                          *s/ Robert E. Grossman*
                                          The Honorable Robert E. Grossman
                                          United States Bankruptcy Judge